## PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K GARRISON (1946-1991)
RANDOLPH E PAUL (1946-1956)
SIMON H RIFKIND (1950-1995)
LOUIS S WEISS (1927-1950)
JOHN F WHARTON (1927-1977)

UNIT 3601 OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
212-373-3311

WRITER'S DIRECT FACSIMILE
212-492-0311

WRITER'S DIRECT E-MAIL ADDRESS
rfinzi@paulweiss.com

MATTHEW W ABBOTT
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
DOUGLAS R DAVIS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ANDREW C FINCH
BRAD J FINKELSTEIN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
PAUL D GINSBERG
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D GOLDBAUM
NEIL GOLDMAN
ERIC S GOLDSTEIN
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
GAINES GWATHMEY, III
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
ROBERT M HIRSH
MICHELE HIRSHMAN
MICHAEL S HONG
JOYCE S HUANG
DAVID S HUNTINGTON
LORETTA A IPPOLITO

JEH C JOHNSON
MEREDITH J KANE
ROBERTA A KAPLAN
BRAD S KARP
JOHN C KENNEDY
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
MARK F MENDELSOHN
WILLIAM B MICHAEL
TOBY S MYERSON
CATHERINE NYARADY
JOHN J O'NEIL
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
MARC E PERLMUTTER
VALERIE E RADWANER
CARL L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JAMES H SCHWAB
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
MARILYN SOBEL
AUDRA J SOLOWAY
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
MARIA T VULLO
ALEXANDRA M WALSH*
LAWRENCE G WEE
THEODORE V WELLS, JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
T ROBERT ZOCHOWSKI, JR

*NOT ADMITTED TO THE NEW YORK BAR

October 4, 2013

Catherine O'Hagan Wolfe
Clerk, U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *SEC* v. *Contorinis*, No. 12-1723-cv (2d Cir.)

Dear Ms. Wolfe:

  We represent defendant-appellant Joseph Contorinis in the above-captioned appeal, which is scheduled to be argued on Monday, October 7, 2013. On September 30, 2013, the United States Securities and Exchange Commission (the "Commission") submitted a letter to the Court ("SEC Ltr.") arguing that Mr. Contorinis's discussion of *Grupo Mexicano de Desarrollo, S.A.* v. *Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) ("*Grupo*"), is "not properly before the court," and that the case is otherwise not instructive here. We respectfully disagree.

  Mr. Contorinis has consistently asserted, both in the district court and on appeal, that any order of disgorgement that goes beyond the amount of money acquired by Mr. Contorinis exceeds the permissible scope of the equitable remedy of disgorgement. (*See, e.g.*, Def.'s Mem. of Law in Opp'n to the SEC's Mot. for Summ. J., No. 09 Civ. 1043 (RJS) (S.D.N.Y.), Dkt. No. 147, at 7, 9–10.) In his opening brief on this appeal, Mr. Contorinis specifically argued that any such disgorgement was "beyond the court's equitable powers." (Br. at 15 (internal quotation marks omitted and citing, among others, *SEC* v. *Cavanagh*, 445 F.3d 105, 116, 177 n.25 (2d Cir. 2006)); *see also id.* ("It necessarily follows that a defendant must have actually received the sums in

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Catherine O'Hagan Wolfe                                                                 2

question for the court *to be able to exercise its equitable powers* in ordering such sums to be disgorged." (emphasis added)).) And in his reply brief, Mr. Contorinis reiterated that "the disgorgement ordered in this case exceeded the district court's authority by going beyond what was required to return Mr. Contorinis to the position he was in before the alleged violation occurred." (Reply at 2; *see also id.* at 3 (stating that the purpose of disgorgement is "to return a defendant to the status quo that existed prior to any wrongdoing, thus preventing unjust enrichment"); *id.* at 4 ("Courts have widely held that in order to constitute a defendant's unjust or ill-gotten gains subject to disgorgement, those gains must have been received by the defendant.").)

Mr. Contorinis's citation to *Grupo* is just further support for the argument that the disgorgement ordered by the district court in this case is inconsistent with the permissible contours and fundamental purpose of the equitable remedy of disgorgement. (*See id.* at 15–16 (citing *Grupo*, 527 U.S. at 318, 319, 329); *id.* at 15 ("disgorgement has traditionally been limited to a defendant's own ill-gotten gains, or those acquired by a tippee working in concert with the defendant").) The court's equity jurisdiction should not be expanded "to allow for the redemption of profits never received, enjoyed, or controlled by the defendant," (*id.* at 16), as the district court did here when it ordered Mr. Contorinis to disgorge amounts that went to an innocent third party (*i.e.*, the Fund).[1] Requiring Mr. Contorinis to disgorge the Fund's profits—an amount that vastly exceeds his own ill-gotten gains—would result in a penalty, placing the ordered disgorgement outside the court's equity jurisdiction. (*See, e.g.*, Br. at 15 ("[A]wards that exceed the defendant's gains are punitive and[, therefore,] beyond the court's equitable powers." (internal quotation marks omitted)); Reply at 6 ("disgorgement must be limited to a defendant's own gain to avoid having forfeiture's punitive attributes").)

                                                                  Respectfully submitted,

                                                                  /s/ Roberto Finzi
                                                                  Roberto Finzi

cc:     All counsel of record via ECF

---

[1] Neither the Commission, the U.S. Attorney's Office, nor anyone else has ever alleged that Mr. Contorinis was a tipper; there are no tippees' ill-gotten gains to consider here. (*See* Br. at 19; Reply at 11–14.)