

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

Allan A. Capute
Direct dial: 202-551-5122
Email: caputea@sec.gov

October 29, 2013

Catherine O'Hagan Wolfe
Clerk, U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      **Re:** *SEC v. Joseph Contorinis* **(No. 12-1723-cv) (oral argument held and case submitted on October 7, 2013)**

Dear Ms. Wolfe:

      In a letter filed yesterday, Contorinis's counsel purports to "correct" a statement he made at oral argument. Specifically, when Judge Lynch observed that "our cases say that a tipper can be required to disgorge profits made by his tippee," counsel conceded: "That's correct, Your Honor." In his letter, counsel now says that this response was incorrect.

      Counsel actually had it right the first time. There is Second Circuit precedent holding that a tipper may be required to disgorge profits made by his tippee. *See* Commission's Brief p.26.

      Counsel's concession at oral argument was no accident. Contorinis's reply brief (pp. 11-12) acknowledges that several cases hold a tipper liable for his tippee's profits. Contorinis argues, however, that "[t]hese cases are not controlling here" because "Contorinis was not a tipper." But during counsel's oral presentation, Judge Lynch observed that Contorinis was actually *worse* than a tipper, thereby upending the argument and apparently prompting counsel to retract his concession that cases in this Circuit hold a tipper liable for his tippee's profits.

      In further response to the letter the Commission notes:

      (1)    The district court's decision and the Commission's brief filed in *Warde* demonstrate that the court's statement that a tipper is liable for his tippee's profits

was a holding because it was necessary to make Warde, rather than those on whose behalf he traded, personally liable for disgorgement;

(2)     In *Elkind,* a corporation whose officers tipped a stock analyst was held liable to its shareholders for the profits made by those the analyst tipped;

(3)     *Texas Gulf Sulphur* is not a restitution case, but the leading case on disgorgement in this Circuit.

                Respectfully,

                /s/ Allan A. Capute
                Allan A. Capute

Cc:     All counsel of record via ECF